AO 245B   (Rev. 06/05) (Rev DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| EDWARD JAVIER | Case Number: 08-060 |
| | USM Number: 29337-016 |
| | Brian Virag |
| | Defendant's Attorney |

**FILED**
JUL 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 2 of an Information.

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Defraud the United States | 7/03 | 1 |
| 18 USC 1341 and 2 | Mail Fraud | 7/03 | 2 |

The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 18, 2008
Date of Imposition of Judgment

_/s/ signature_
Signature of Judge

RICHARD W. ROBERTS        USDJ
Name of Judge             Title of Judge

7/28/08
Date

AO 245B   (Rev 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 11

DEFENDANT: EDWARD JAVIER
CASE NUMBER: 08-060

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

6 Months on each of Counts 1 and 2 to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility near his home in California

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page __3__ of __11__

DEFENDANT: EDWARD JAVIER
CASE NUMBER: 08-060

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

36 months as to Counts 1 and 2 to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page 4 of 11

DEFENDANT: EDWARD JAVIER
CASE NUMBER: 08-060

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall serve 6 months in home detention under electronic monitoring with work release privileges. Costs of monitoring will be waived.

Any restitution balance remaining upon the defendant's release from custody shall be paid at a rate of no less than $300 each month and verification of payments shall be provided by the defendant to the Probation Office.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the prior approval of the Probation Office.

The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other information about businesses or finances in which he has a control or interest.

Judgment — Page 5 of 11

DEFENDANT: EDWARD JAVIER
CASE NUMBER: 08-060

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ 684,934.35 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Richard Brackley | $684,934.35 | $684,934.35 | |
| Managing Director of Claims and Recovery Unit | | | |
| Ex-Im Bank | | | |
| 811 Vermont Ave., NW | | | |
| Washington, DC 20571 | | | |
| **TOTALS** | $ 684,934.35 | $ 684,934.35 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment—Page 6 of 11

DEFENDANT: EDWARD JAVIER
CASE NUMBER: 08-060

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE COURT FINDS that the defendant does not have the ability to pay a fine, and therefore, waives imposition of a fine in this case.

The special assessment and restitution are immediately payable to the Clerk of the Court for the United States District Court, District of Columbia. Within 30 days of any change of mailing or residence address, the defendant shall notify the Clerk of the Court of the change, until such time as the financial obligation has been paid in full. The defendant shall make payments on the restitution through his participation in the Bureau of Prisons' Inmate Financial Responsibility Program. Restitution payments shall be made to the Clerk of the Court for disbursement to the victim.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 11

DEFENDANT: EDWARD JAVIER
CASE NUMBER: 08-060

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    See attached order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, :

v. : Criminal No.: 08-060-RWR

EDWARD JAVIER, :

Defendant. :

## CONSENT ORDER OF FORFEITURE

**WHEREAS,** a written plea agreement was filed with this Court and signed by defendant, **Edward Javier,** and his counsel, Brian J. Virag, Esquire, in which defendant **Javier** pled guilty to a felony violation -- that is mail fraud, in violation of Title 18, United States Code, Section 1341;

**WHEREAS,** in his plea agreement, defendant expressly agreed and consented to the entry of an Order of Forfeiture concerning the property that is the subject of this Order, which property is substitute property in satisfaction of a money judgment entered against him in the amount of the proceeds he obtained as a result of violation of Title 18, United States Code, Section 1341.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That this Preliminary Order of Forfeiture is entered in accordance with Fed. R. Crim. P. 32.2(b)(2) concerning the following property, which is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c):

> Money Judgment: $13,000, which represents the sum of money equal to the amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the defendant's violation of Title 18, United States Code, Section 1341. Fed. R. Crim. P. 32.2(b)(1).

2. That the defendant shall pay this money judgment at the time of sentencing by way of a certified check made payable to the United States Marshals Service, and delivered to the Offices of the United States Attorney.

3. That the Attorney General is authorized to seize and dispose of the forfeited property in accordance with the law.

4. That should defendant fail to make payment as ordered, the United States Attorney retains the right to petition this Court to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, or substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P 32.2(e).

7. That the Clerk is directed to forward a true and certified copy of this order to all counsel of record and to the United States Marshals Service for the District of Columbia.

Dated this 30th day of April, 2008.

_____
United States District Court Judge

2

WE ASK FOR THIS:

STEVEN A. TYRRELL
Chief, Fraud Section
Criminal Division
United States Department of Justice

By: _____
HANK BOND WALTHER
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
(202) 257-6176


JEFFREY A. TAYLOR
United States Attorney
In and for the District of Columbia

By: _____
MICHAEL K. ATKINSON
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530
(202) 616-3702


_____         _____
EDWARD JAVIER                    BRIAN J. VIRAG, ESQ.
Defendant                        Counsel for Defendant

3